

# THE ATTORNEY GENERAL
# OF TEXAS

GROVER SELLERS
XX⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛XXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable R. F. Robinson
County Attorney
Willacy County
Raymondville, Texas

Dear Sir:

Opinion No. 0-6884

Re: Distribution of proceeds
of a delinquent tax sale
among various taxing units.

We acknowledge receipt of your request for an opinion on the above question, said request reading as follows:

"Kindly let me have your valued opinion based on the following statement of facts:

"On the 15th day of January, 1941, the State of Texas as Plaintiff and the Santa Margarita Independent School District and the Willacy County Water Control and Improvement District No. 1 obtained judgment against a named defendant for taxes, penalties and interest then due the respective taxing bodies for the years involved in the suit.

"Afterward, on the 1st day of July, 1941, by Sheriff's deed, the Sheriff sold said property to the State of Texas in its own behalf and in behalf of Willacy County, Texas, in trust for the use and benefit of itself and Santa Margarita Independent School District and Willacy County Water Control and Improvement District No. 1.

"Thereafter, after the expiration of the redemption period and six months, to-wit, on the 3rd day of August, 1945, at the request of the Willacy County Water Control and Improvement District No. 1, Intervener therein, the Sheriff sold the said property to a private individual.

"The Sheriff applied the proceeds of the sale, first, to the payment of all costs in said suit, and all costs and expenses of sale and resale, and distributed the balance among the taxing units participating in said original judgement pro rata and in proportion to the amount of their tax liens against

such property as established in said judgment.
In making this application, the Sheriff attempted
to follow the provisions of Art. 7345b, Section
9, R. C. S., 1925, as amended.

"Due probably to the variation in valuation
and rate of levy for some of the years in question,
the County and State received more than enough
money to pay the taxes against the property for
the years involved in the suit and the subsequent
years up to date, but the Santa Margarita Inde-
pendent did not receive a sufficient amount to
pay the taxes, penalties, etc. on the land involved
to the present date.

"The School District contends that since the
State received all of its taxes and the School shows
up a deficit, the proceeds should be so divided as
to cause all taxes to be paid to date to all the tax-
ing subdivisions."

Article 7345b, Section 9, Vernon's Annotated Civil Statutes, pro-
vides for the sale and distribution of the proceeds of sale of property sold to
a taxing unit under a judgment for taxes where such property is sold by the
taxing unit that purchased it.

Said Article and Section further provide that, if sale has not been
made by such purchasing taxing unit before six months after the redemption
period provided for in Section 12 of said Article has expired, it shall there-
after be the duty of the sheriff to sell such property as therein set forth, in
which event the proceeds of such sale shall be distributed as follows:

". . . The Sheriff shall apply the proceeds from
such sale, first, to the payment of all costs in said
unit and all costs and expenses of sale and resale
and all attorney's fees and reasonable expenses taxed
as costs by the Court in said suit and shall distribute
the balance among the taxing units participating in
said original judgment pro rata and in proportion to
the amount of their tax liens against such property
as established in said judgment."

A similar question was considered by this department in our
opinion No. 0-3729, wherein the question was as follows:

"In your second question you are concerned with
a situation where one of the taxing units has purchased
property at the original tax foreclosure sale, held the
same beyond the redemption period in behalf of itself
and the other taxing units, and subsequently sold the
property at a price more than enough to satisfy all
costs, taxes, interest and penalty involved in the original

Hon. R. F. Robinson, page 3

tax judgment. You request information as to what
should be done with the excess."

After quoting Section 9 of Article 7345b, said opinion held as
follows:

"The above quoted article directs the Sheriff to
take the proceeds from the sale and to first pay all
costs and then to distribute the remainder among the
taxing units participating in the original judgment
pro rata and in proportion to the amount of their
respective tax liens established in the tax judgment
against the property. We believe this is the method
to be followed in the distribution of the money rea-
lized at the second sale regardless of whether the
money received at said second sale is insufficient to
satisfy all costs and the amount of the original judg-
ment of whether said amount is in excess of the costs
and the amount of the original judgment."

It seems from your statement of the facts that the sheriff followed
the correct procedure in distributing the proceeds of the sale referred to.
The State having been the purchaser at the original sale, there was vested in
it a defeasible title. As holder of this title, the State was the owner of such
property for purposes of taxation. Therefore, such property was not subject
to taxation during the time the title thereto was held by the State and there
was no question of accrued taxes to be taken into consideration in the distri-
bution of the proceeds of such sale.

We enclose for your information copies of our Opinions Nos.
0-5491 and 0-5668.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Jas. W. Bassett
Assistant

JWB:LJ:ps

APPROVED NOV 17, 1945

FIRST ASSISTANT
ATTORNEY GENERAL